NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0618n.06

No. 11-4065

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 13, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| FERNANDO MARTINEZ-BRAVO, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

BEFORE:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM.  Fernando Martinez-Bravo, who is represented by counsel, petitions for review of a final order by the Board of Immigration Appeals (BIA).  The BIA dismissed his appeal from the decision of an Immigration Judge (IJ) who denied his request for cancellation of removal under 8 U.S.C. § 1229b.

Martinez-Bravo is a native and citizen of Mexico who has been present in the United States since at least 2000.  In 2006, the government issued a notice to appear, charging Martinez-Bravo with removability under 8 U.S.C. § 1182(a)(6)(A)(I).  Martinez-Bravo conceded removability and sought cancellation of removal.  Following a hearing, the IJ denied Martinez-Bravo's application and ordered him removed to Mexico.  The IJ found that Martinez-Bravo failed to demonstrate that his removal would result in the requisite hardship to his family.  8 U.S.C. § 1229b(b)(1)(D).  On appeal, the BIA dismissed the case on the sole ground that Martinez-Bravo failed to establish the requisite hardship.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Generally, the Attorney General has discretion to cancel the removal of a non-permanent resident alien if, among other things, the alien "establishes that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Although federal courts are divested of jurisdiction to review decisions concerning cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(I), an alien may seek judicial review of constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). An alien may also seek judicial review of a claim that the BIA departed from its own precedent in denying discretionary relief. *Ettienne v. Holder*, 659 F.3d 513, 517 (6th Cir. 2011).

Martinez-Bravo claims that the BIA departed from its own precedent in dismissing his appeal. He asks us to compare the facts of his case with those of the precedential decisions cited by the BIA. Although a claim of departure from agency precedent is subject to judicial review, we lack "jurisdiction over claims that can be evaluated only by engaging in head-to-head comparisons between the facts of the petitioner's case and those of precedential decisions." *Id.* at 518.

Martinez-Bravo also claims that the BIA violated his due process rights by finding that he failed to demonstrate the requisite hardship. However, Martinez-Bravo has no protected liberty interest in obtaining discretionary relief. *Ukpabi v. Mukasey*, 525 F.3d 403, 408 (6th Cir. 2008).

The petition is dismissed for lack of jurisdiction.